UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

VASSIL MARKOV MARINOV,

    Plaintiff,

    v.                                          CAUSE NO.: 4:18-CV-75-TLS-APR
                                                             4:18-CV-80-TLS-APR
FIAT CHRYSLER AUTOMOTIVE,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on a Report and Recommendation [ECF No. 105], filed by Magistrate Judge Andrew P. Rodovich on April 9, 2021. For the reasons set forth below, the Court dismisses without prejudice the Plaintiff's Complaint in 4:18-CV-75 for lack of subject matter jurisdiction. The Court further adopts the Report and Recommendation and dismisses with prejudice the Plaintiff's Complaint in 4:18-CV-80 as a sanction pursuant to the Court's inherent authority.

**PROCEDURAL BACKGROUND**

The Plaintiff has filed four separate lawsuits related to his wages as an employee of Fiat Chrysler Automotive (FCA). First, he filed 4:18-CV-56-TLS-APR against FCA, alleging employment discrimination and harassment based on religion in relation to the withholding of union dues from his paycheck. Next, he filed 4:18-CV-59-JTM-APR against United Auto Worker (UAW), alleging employment discrimination and harassment based on religion in relation to the withholding of union dues from his paycheck and his representation by UAW over his objection. Third, he filed the instant lawsuit against FCA, challenging the deduction of union

dues from his paycheck. Fourth, he filed 4:18-CV-80-TLS-APR against FCA, challenging FCA's failure to pay him holiday pay and supplemental unemployment benefits.

On March 3, 2020, at the Plaintiff's request, this cause number and 4:18-CV-80 were consolidated for all purposes, and all filings were subsequently made in this case only. ECF No. 38. On September 24, 2020, over the Plaintiff's objection, the remaining three cases were consolidated for discovery purposes only. ECF Nos. 102 (consolidating 4:18-CV-56, 4:18-CV-59, 4:18-CV-75), 103, 104, 4:18-CV-56. The Plaintiff has also maintained an objection to the consolidation of the three cases for any other purpose. ECF Nos. 5, 6, 49.

Twice, pro bono counsel was recruited at the Plaintiff's request in 4:18-CV-56, and the second attorney entered an appearance in this case as well; however, neither representation lasted as a result of an inability to establish an attorney-client relationship. ECF Nos. 46, 49, 50; ECF Nos. 66, 69, 74, 77, 84, 85, 89–91, 97–99, 101, 115, 4:18-CV-56.

## ANALYSIS

Because the Magistrate Judge's recommendation of dismissal as a sanction would be a dismissal on the merits with prejudice, the Court must first resolve the issue of this Court's subject matter jurisdiction in 4:18-CV-75 addressed in its November 9, 2020 Opinion and Order [ECF No. 59]. The Court will then consider the Magistrate Judge's Report and Recommendation.

A.      **Subject Matter Jurisdiction: 4:18-CV-75**

In its November 9, 2020 Opinion, the Court denied the Defendant's motion to dismiss cause number 4:18-CV-75 on the grounds asserted but found that the Court does not have subject matter jurisdiction over this case. The Court ordered the Plaintiff to file a supplemental jurisdictional statement addressing the Court's subject matter jurisdiction, including articulating the legal basis for this Court's federal question jurisdiction. The Court warned the Plaintiff that a

failure to file a statement by the deadline may result in the dismissal of the case for lack of

subject matter jurisdiction. The Plaintiff requested an extension of time to respond until the close

of discovery, ECF No. 61; the Court denied the request because the Plaintiff did not identify

what fact discovery was necessary to respond to the jurisdictional issue, ECF No. 64. The

Plaintiff then requested several extensions of time to respond due to health issues, with the most

recent request pending. ECF Nos. 70–74, 80, 83, 106, 108, 129, 131, 135. However, those health

issues did not prevent him from pursuing discovery and filing numerous other substantive

motions in the other two cases. Thus, the requests appear to be a strategic effort by the Plaintiff

to avoid specifically addressing the Court's jurisdictional concerns, and the Court will rule

without further briefing.

The Court finds that it does not have subject matter jurisdiction in 4:18-CV-75 for the

reasons set forth in the Court's November 9, 2020 Opinion and Order. ECF No. 59. To

summarize, the Plaintiff has not alleged an amount in controversy sufficient to satisfy diversity

jurisdiction, and the Court does not have federal question jurisdiction because there is no private

right of action under 29 U.S.C. § 186(c)(4), the NLRB has exclusive jurisdiction over the

Plaintiff's wage claim as an unfair labor practice, and there are no allegations to state a hybrid

claim under Section 301 of the Labor Management Relations Act. Accordingly, the Plaintiff's

Complaint in 4:18-CV-75 is dismissed without prejudice for lack of subject matter jurisdiction.

**B.      Report and Recommendation: Dismissal as a Sanction**

The Court now considers the Magistrate Judge's recommended sanction of dismissal both

as to cause number 4:18-CV-80 as well as an alternative basis for dismissal of 4:18-CV-75. The

Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C.

§ 636(b)(1)(C), which provides as follows:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). The Plaintiff requested and received two extensions of time to respond to the Report and Recommendation due to health issues, with a third request pending. *See* ECF Nos. 107, 108, 123, 125, 134. These requests again appear to be a strategic effort by the Plaintiff to avoid specifically responding because, despite his health issues, the Plaintiff has filed numerous substantive documents challenging court rulings, requesting discovery, and asking for court guidance and/or clarification during the same time period. *See* ECF Nos. 109 (4/21/2021), 110 (4/23/2021), 114 (4/28/2021), 116 (5/3/2021), 117 (5/5/2021), 118 (5/7/2021), 119 (5/11/2021), 120 (5/13/2021), 121 (5/17/2021), 122 (5/24/2021). The Court finds that these filings constitute the functional equivalent of an objection and, thus, the review is de novo.

The Magistrate Judge recommends dismissal of this lawsuit (as well as the Plaintiff's other pending lawsuits) as a sanction for the Plaintiff's contempt for the judicial process and discovery abuses. The Magistrate Judge found that the Plaintiff has used his pro se status, his lack of familiarity with the American court system, and the language barrier (English is not his primary language) as an excuse for his refusal to comply with court orders and his abuse of the discovery process. The Magistrate Judge also found that the Plaintiff disregarded repeated efforts by the Court to explain his obligations under the Federal Rules of Civil Procedure.

Although the Report and Recommendation relies on Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court finds that the sanction of dismissal for the Plaintiff's discovery conduct and failure to follow court orders is properly before the Court on its inherent authority. *See Evans v. Griffin*, 932 F.3d 1043, 1047 (7th Cir. 2019) (finding that neither Federal Rule of Civil Procedure 37(b) nor 37(d) was applicable in relation to a failure to appear for a deposition where there was no discovery order and the plaintiff had not gotten notice of the deposition and, instead, considering whether the sanction was appropriate under the court's inherent authority); *Nat'l Asset Consultants LLC v. Midwest Holdings-Indianapolis, LLC*, No. 1:18-CV-1616, 2021 WL 1196192, at *12–13 (S.D. Ind. Mar. 30, 2021) (finding that Rule 37(b) did not apply where there was no violation of a discovery order but that the court's inherent authority permitted the court to sanction discovery misconduct). Under either Rule 37(b) or the Court's inherent authority, the Court must find that the Plaintiff "acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).

"A court may use its inherent authority to sanction those who show 'willful disobedience of a court order,' act in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' for fraud on the court, delay, disruption, or 'hampering enforcement of a court's order.'" *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776; *see Fuery*, 900 F.3d at 463–64 ("The court must first make a finding of 'bad faith, designed to obstruct the judicial process, or a violation of a court order.'" (quoting *Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012)).

5

"[I]ssuing a judgment is a 'powerful sanction' and one that should be used judiciously after

determining that there is 'a clear record of . . . contumacious conduct' after considering 'the

egregiousness of the conduct in question in relation to all aspects of the judicial process' and

considering whether less drastic sanctions are available." *Fuery*, 900 F.3d at 464 (quoting

*Barnhill v. United States*, 11 F.3d 1993, 1367–68 (7th Cir. 1993)). However, it is not necessary

for the court to make a finding of prejudice, "[n]or is there a requirement that a district court

impose graduated sanctions." *Id*. "The sanction imposed should be proportionate to the gravity of

the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi.

Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)).

"Though courts are often less demanding of parties representing themselves, *pro se*

litigants do not enjoy 'unbridled license to disregard clearly communicated court orders.'"

*Wright v. Lake Cnty. Sheriff's Dep't*, 2:04-CV-524, 2006 WL 978929, at *1 (N.D. Ind. Apr. 10,

2006) (quoting *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)). And "*pro se* litigants

must follow rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006)

(citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also McInnis v. Duncan*, 697

F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are pro se must follow court rules and

directives." (citing cases)).

Under these standards, the Court finds that the Plaintiff's discovery conduct warrants the

sanction of dismissal, that the sanction of dismissal is proportionate to the gravity of his offense,

and that lesser sanctions would not deter his conduct. At the outset of discovery in 4:18-CV-56,

the Plaintiff served three requests for production on FCA in May 2019. ECF Nos. 45–47, 4:18-

CV-56. From there, the Plaintiff's willful disobedience of judicial orders and abusive discovery

practices unfolded, the details of which are fully set forth in the Court's Opinion and Order of

6

dismissal entered this date in 4:18-CV-56. In this case, discovery did not begin until after the

November 9, 2020 ruling denying the Defendant's motion to dismiss, but similar discovery

abuses and disregard for judicial orders quickly arose.

On November 18, 2020, the Court issued an Order in the three cases noting that the

Plaintiff "has demonstrated either an inability or an unwillingness to abide by normal discovery

procedures. Every adverse ruling results in either an objection or some other response by [the

Plaintiff]." ECF No. 62 (ECF No. 118, 4:18-CV-56; ECF No. 127, 4:18-CV-59). The Court

wrote, "Marinov is **WARNED** that any future repetitive or groundless motions will result in the

imposition of sanctions. In particular, any objection to this order will be sanctioned." *Id.* (same).

On November 23, 2020, the Plaintiff requested a sixty-day extension of time to respond

to discovery due to health concerns. ECF No. 70. Yet, on November 30, 2020, the Plaintiff

served a first request for production of documents on the Defendant in this case. ECF No. 65. On

December 7, 2020, the Plaintiff served a second request for production of documents on

Defendant, asking for documents showing the amounts withheld from his salary, for the

identities of individuals with information regarding the case, and "accounting references" for the

money withheld from his salary. ECF No. 66. And, on December 11, 2020, the Plaintiff served

his initial disclosures. ECF No. 67.

Prior to February 1, 2021, the Plaintiff was given five warnings concerning his abusive

discovery behavior in the three cases, ECF No. 62 (ECF Nos. 118, 129, 4:18-CV-56; ECF Nos.

127, 141, 4:18-CV-59), including the warning that "any future repetitive or groundless motions

will result in the imposition of sanctions," ECF No. 129, 4:18-CV-56. These warnings prompted

the Plaintiff to file a Motion for Clarification on February 1, 2021, ECF No. 75 (ECF No. 132,

4:18-CV-56; ECF No. 148, 4:18-CV-59), to which the Court provided the following clarification

on February 2, 2021:

> Because Marinov is proceeding pro se, the court will attempt to clarify the previous orders. However, the pending motion is an example of what the three previous orders intended to prevent. Marinov has been unwilling to accept an adverse ruling from the court. Even if he disagrees with the ruling, he must understand that the ruling is final. He cannot object to it or file the same motion a second (or third) time. If an attorney for the defendant, as an officer of the court, states that certain documents do not exist, Marinov must accept that representation. He cannot make additional requests for evidence which does not exist.
>
> The court has no intention of restricting the right of Marinov to prepare and present his case. However, a disagreement with a ruling by the court or a pleading filed by an attorney is not a license to file additional pleadings. There is a difference between advocacy and stubbornness. Advocacy is permitted, but stubbornness will be sanctioned.

ECF No. 76 (ECF No. 133, 4:18-CV-56; ECF No. 149, 4:18-CV-59).

On February 18, 2021, monetary sanctions were issued in 4:18-CV-59 after the Plaintiff

had filed seven separate motions in that case alone since the February 2, 2021 Order. *See* ECF

No. 78 (ECF No. 157, 4:18-CV-59). Additional monetary sanctions were issued in 4:18-CV-59

on February 24, 2021. *See* ECF No. 163, 4:18-CV-59. On February 26, 2021, the Plaintiff filed a

motion related to the sanctions award, ECF No. 84 (ECF No. 165, 4:18-CV-59), and, on March

1, 2021, a third monetary sanctions award was ordered in 4:18-CV-59, ECF No. 85 (ECF Nos.

166, 4:18-CV-59).

On February 8 and March 8, 2021, the Plaintiff filed motions seeking a response to his

December 7, 2020 discovery request. ECF Nos. 77, 91. In a March 9, 2021 order requiring the

Defendant to respond to the two motions, the Court warned: "The plaintiff is **ORDERED** to

refrain from filing motions until further order of this court." ECF No. 92 (ECF No. 147, 4:18-

CV-56; ECF No. 176, 4:18-CV-59). After the order was served on the Plaintiff on March 11,

2021, ECF No. 98, the Plaintiff filed 17 new motions in these cases. *See* ECF Nos. 150, 151,

153, 156, 158, 160, 4:18-CV-56; ECF Nos. 179, 180, 187, 188, 190, 192, 4:18-CV-59; ECF Nos.

95, 97, 100, 102, 104, 4:18-CV-75. Included in those filings was a March 22, 2021 motion

asking for legal advice, ECF No. 95, and an April 7, 2021 motion for a ruling, ECF No. 104.

The Plaintiff's conduct led to the issuance of the April 9, 2021 Report and

Recommendation for dismissal based on the discovery abuses and repeated failure to follow the

Court's orders. The Report and Recommendation concluded:

> Marinov is **WARNED** that he may file ONE and ONLY ONE pleading in
> response to this Recommendation. That pleading should address the issues
> relating to the dismissal of the lawsuits. After that ONE pleading has been filed,
> Marinov may not file any additional pleadings until after the district judge has
> ruled on this Recommendation. Marinov is **WARNED** that sanctions will be
> imposed if any pleadings are filed in violation of this order. Additionally, the
> district judge is entitled to consider pleadings filed in violation of this ORDER as
> further evidence of contemptuous conduct.

R. & R. 4, ECF No. 105. Notwithstanding these warnings, the Plaintiff's subsequent conduct is

further evidence of his willful disobedience of the Court's orders. Despite having requested an

extension of time to respond to the Report and Recommendation due to health issues, the

Plaintiff made the following filings, many of which were also filed in the other cases.

On April 21, 2021, the Plaintiff filed a motion asking for legal guidance, ECF No. 109

(ECF No. 164, 4:18-CV-56; ECF No. 197, 4:18-CV-59), and on April 23, 2021, the Plaintiff

filed a motion asking for a 150-day extension of time to complete discovery, reasserting his

original three discovery requests, ECF No. 110 (ECF No. 165, 4:18-CV-56; ECF No. 199, 4:18-

CV-59). On April 27, 2021, the Magistrate Judge issued an order, reiterating the warnings from

the Report and Recommendation, striking the motions for extension of time, and cautioning:

"This is Marinov's **FINAL WARNING**: if he continues to file pleadings in violation of the

April 9, 2021 Recommendation, additional sanctions **WILL BE IMPOSED**." ECF No. 112

(ECF No. 167, 4:18-CV-56; ECF No. 200, 4:18-CV-59).

Nevertheless, on April 28, 2021 (it is not clear whether the Plaintiff had yet received the April 27, 2021 Order), the Plaintiff filed a five-page motion, reiterating the same arguments for his original discovery requests that had been asserted in his prior filings and seeking the responses that the Defendant was ordered to produce by March 23, 2021. ECF No. 114 (ECF No. 169, 4:18-CV-56). Then, in May 2021, the Plaintiff filed the following objections addressed to the undersigned presiding judge: a five-page motion/objection to the April 27, 2021 order striking his motion, ECF No. 116 (5/3/2021); an objection to the February 18, 2021 sanctions awarded in the 4:18-CV-59 case, ECF No. 117 (5/5/2021); an objection to the March 1, 2021 sanctions awarded in the 4:18-CV-59 case, ECF No. 118 (5/7/2021); a three-page objection to the February 2, 2021 Order clarifying the November 18, 2020 warning that future repetitive or groundless motions will result in the imposition of sanctions, ECF No. 119 (5/11/2021); and an objection to the grant of the Defendant's motion to stay discovery pending resolution of the Report and Recommendation, ECF No. 120 (5/13/2021). Finally, on May 17 and 24, 2021, the Plaintiff filed motions asking the undersigned for clarification regarding the basis of the Report and Recommendation. ECF Nos. 121, 122. Therein, he raises concerns with certain aspects of the Report and Recommendation, challenging the Magistrate Judge's reliance on his conduct in the other cases while ignoring that the Court consolidated the cases for discovery. ECF Nos. 121, 122.

The history of discovery in these cases reveals that, when the Defendant represents that certain documents do not exist, the Plaintiff attacks the credibility of the Defendant and its attorneys and makes repeated requests for the same documents, even after rulings by the Court. Moreover, although the discovery abuses began unfolding first in the 4:18-CV-56 and 4:18-CV-59 cases, once discovery opened in this case, the Plaintiff engaged in the same conduct. After

warning the Plaintiff to stop requesting duplicative discovery in the other cases, the Court

provided the Plaintiff with a clarification as well as a warning in all three cases. When the

warning did not deter the Plaintiff, monetary sanctions were imposed in 4:18-CV-59. The

Plaintiff continued to file motions in violation of the March 9, 2021 Order instructing him not to

file any additional motions. At the time of the Report and Recommendation, the Plaintiff had

filed approximately 80 objections or discovery requests between the three cases. R. & R. 2. The

Report and Recommendation recommended the sanction of dismissal and provided additional

warnings to file only one response. Yet, the Plaintiff continued to file motions in all three cases,

filing at least 31 additional substantive motions or objections. Because the three cases have been

consolidated for discovery purposes, it is appropriate to consider the Plaintiff's abusive

discovery-related conduct and failure to follow court orders in all three cases when considering

an appropriate sanction.[1]

The Court finds that the Plaintiff's conduct both before and after the Report and

Recommendation, despite repeated warnings of the consequences, demonstrates willful

disobedience of court orders, an abuse of the discovery proceedings, and contempt for the

judicial process. Accordingly, dismissal is an appropriate sanction. The Court finds that lesser

sanctions would not be effective, especially given that neither repeated warnings to curtail his

behavior, the threat of sanctions, nor the imposition of monetary sanctions deterred the Plaintiff's

conduct. The Court dismisses 4:18-CV-80 with prejudice as a sanction under the Court's

inherent authority and finds that dismissal as a sanction under the Court's inherent authority is an

alternate basis for dismissal of 4:18-CV-75.

---

[1] Although the Plaintiff achieved some success in 4:18-CV-56 on his motion to compel information regarding the identity of third parties with whom his personal information was shared, *see* ECF Nos. 73, 111, 114, 116, 122, 146, 147, 4:18-CV-56, that success does not excuse his abuse of the judicial process that occurred throughout discovery.

**CONCLUSION**

Therefore, the Court DISMISSES cause number 4:18-CV-75 without prejudice for lack

of subject matter jurisdiction. The Court further ACCEPTS, as modified, the Report and

Recommendation [ECF No. 105] and DISMISSES cause number 4:18-CV-80 with prejudice

pursuant to the Court's inherent authority. As a result, the Court DENIES as moot the following

pending motions and objections in cause number 4:18-CV-75: DE 77, 91, 95, 97, 100, 102, 104,

114, 116, 119, 120, 121, 122, 134, 135.

So ORDERED on September 3, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
